## JOEL RICHARDSON *versus* REUEL WILLIAMS.

A person cannot make another his debtor by paying the debt of the latter without his request or consent.

A, being indebted to B, C verbally promised B to pay him the amount, and charged it to A, without the consent of the latter :— *Held,* —

1. That, B not having released or assigned his debt, the promise was without consideration ;

2. That such a promise is within the statute of frauds, and, to be obligatory, must be in writing.

ON EXCEPTIONS to the instructions of HATHAWAY, J.
ASSUMPSIT. The case is stated in the opinion. The verdict being for the plaintiff, the defendant excepted.

*Williams & Cutler,* for defendant.

*S. Titcomb,* for plaintiff.

The opinion of the Court was drawn up by

RICE, J.—A statement of this case, in a form most favorable for the plaintiff, for the purpose of testing the ruling of the Court, would present the following facts as proved. The Kennebec and Portland Railroad Company, in Dec., 1855, were indebted to the plaintiff in the sum of $257,94, for balance due on a quantity of wood. The defendant, at that time, in his private capacity, verbally agreed to pay that debt to the plaintiff, and, in April, 1856, paid over that sum to his agents, John Means & Son, for the plaintiff, and . charged the same to the railroad company. Means & Son failed to pay over the money. There was no evidence in the case that the railroad company had any knowledge of the verbal agreement between the plaintiff and defendant, or has since assented to, or ratified it; nor that the plaintiff has either cancelled and discharged his claim upon that corporation, or assigned it to the defendant.

Upon these facts, thus assumed to have been fully proved, the Judge instructed the jury that, the defendant having charged to the railroad company the amount of the balance

due to the plaintiff, and having, as he testified, promised that money should be paid, must be considered as having the money in his hands for the plaintiff's use, and that he was liable therefor in this action, on the count in the writ for ·money had and received, unless he was authorized to pay it to Means, as the plaintiff's agent.

The jury must have found that Means was not the agent of the plaintiff.

The contract was executory, not executed. *Walker* v. *Elliot*, 33 Maine, 488. There was no consideration for the promise. The plaintiff relinquished nothing and the defendant obtained nothing. He could not make the railroad company his debtor by paying or agreeing to pay their debts without their request or consent. *Willis* v. *Hobson*, 37 Maine, 403. It was a contract to pay the debt of another, and, to be legally obligatory, must have been in writing. R. S., c. 111, § 1. On the facts as presented, the ruling was erroneous. *Exceptions sustained and new trial granted.*

TENNEY, C. J., APPLETON, CUTTING, MAY and GOODE-NOW, JJ., concurred.